UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION

IN RE:

STONE*WALL FARM STALLIONS I, LLC

Debtor

BANKRUPTCY NO. 10-52318-tnw

CHAPTER 11

### CONDITIONAL ORDER GRANTING JPMORGAN CHASE BANK, N.A.'S EMERGENCY MOTION FOR RELIEF FROM STAY AND DENYING REQUEST FOR ABANDONMENT OF COLLATERAL

This matter having come before the Court on the Emergency Motion for Relief from Stay and for Abandonment of Collateral, Doc. No. 17, (the "Motion") filed by JPMorgan Chase Bank, N.A. ("Chase") and the Court being otherwise sufficiently advised:

(a)    It appearing to this Court that Chase is a secured creditor of the Debtors;

(b)    It appearing that Chase has a security interest in and to certain assets of the Debtors, including, but not limited to, the Thoroughbred stallions LEROIDESANIMAUX by CANDY STRIPES out of DISSEMBLE and A.P. WARRIOR by A.P. INDY out of WARRIOR QUEEN (collectively, the "Stallions"), and all stallion shares, breeding rights, evidences of ownership, policies of insurance and all proceeds thereof (with the Stallions, the "Stallion Loan Collateral");

(c)    It also appearing that Chase has a lien and security interest in the Stallion Loan Collateral, ~~which lien and security interest is first, prior and superior to any and all other liens thereon~~; tnw

(d)    It further appearing from the evidence and testimony taken that approximately $34,493.77 is past due owing for the Stallions' 2009 Breeders' Cup fees ($15,912.50 for AP WARRIOR and $18,581.27 for LEROIDESANIMAUX) and that pursuant to Breeders' Cup, said fees shall be paid by close of business today, July 27, 2010;

CQ42:40501:358208:1:LEXINGTON

(e)  It also appearing that the Debtors, to date, have not been able to make such payments, may not be able to do so, and have not produced any evidence of their ability to do so;

(f)  Further, that failure to pay the 2009 Breeders' Cup fees may impact the value of the Stallions, the Stallion Loan Collateral and Chase's interest; and

(g)  It further appearing that if the 2009 Breeders' Cup fees are not paid by the Debtors today, July 27, 2010, cause exists to grant Chase relief from the automatic stay regarding the Stallions as further set forth below:

IT IS THEREFORE ORDERED that:

1.  Chase's Motion regarding relief from the automatic stay imposed by 11 U.S.C. § 362 against the Stallion Loan Collateral is hereby **GRANTED IF**:

(a)  The Debtors fail to make payment in full of the 2009 Breeders' Cup fees for the Stallions by 5:00 p.m. today, July 27, 2010; and

(b)  The Debtors fail to provide Chase and the Court with proof of such payment by 5:00 p.m. today, July 27, 2010;

2.  However, should the Debtors fail to meet the conditions precedent noted above in this Order, the automatic stay provisions of 11 U.S.C. § 362 are hereby terminated with respect to Chase and any and all of the Stallion Loan Collateral and Chase may take such steps as are necessary under applicable state law to protect its interests in the Stallion Loan Collateral;

3.  Should the Debtors satisfy the outstanding amounts due and owing for 2009 Breeders' Cup fees for the Stallions in full by 5:00 p.m. today, July 27, 2010 and provide proof of such payment to the Court and Chase, Chase's Motion regarding relief from the automatic stay imposed by 11 U.S.C. § 362 against the Stallion Loan Collateral is hereby considered Overruled without prejudice;

4.  Chase's Motion regarding abandonment of the Stallion Loan Collateral is hereby **OVERRULED** without prejudice and nothing herein shall terminate the interests of the Debtors' estates in the Stallion Loan Collateral;

5.  Nothing herein is intended to be construed or interpreted as a waiver of Chase's rights or interests in and to any other property of the Debtors, including, but not limited to, any right, title or interest Chase may have in any of the property of the Debtors not otherwise specifically addressed in this Order; and

6.  The provisions of Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure are hereby waived.

TENDERED BY:

/s/ Valorie D. Smith
Elizabeth Lee Thompson
Valorie D. Smith
STITES & HARBISON, PLLC
250 W. Main Street, Suite 2300
Lexington, KY 40507-1758
Telephone: (859) 226-2300
COUNSEL FOR MOVANT,
JPMORGAN CHASE BANK, N.A.

Pursuant to local rule 9022-1(c), Valorie D. Smith shall cause a copy of this Order to be served on each of the parties designated to receive a copy of this Order pursuant to local rule 9022-1(a) and shall file with the Court a certificate of service of the Order upon such parties within 14 days hereof.

Copies to:

Rachelle C. Dodson
John Thomas Hamilton
Philip Hanrahan
Stephen P. Stoltz
U.S. Trustee

Ronald J. Bamberger
P.O. Box 1598
Owensboro, KY 42302

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
*The affixing of this Court's electronic seal below is proof this document has been signed by the Judge and electronically entered by the Clerk in the official record of this case.*



**Signed By:**
*Tracey N. Wise*
**Bankruptcy Judge**
**Dated: Tuesday, July 27, 2010**
**(tnw)**