UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Case No. 10-52318-tnw |
| | ) | |
| STONE*WALL FARM STALLIONS I, LLC, et al. | ) | CHAPTER 11 |
| | ) | |
| DEBTOR IN POSSESSION. | ) | JOINTLY ADMINISTERED |
| | ) | |

## MOTION FOR RELIEF FROM STAY

Comes Fifth Third Bank, ("Fifth Third"), through counsel, and moves for relief from the automatic stay pursuant to 11 U.S.C. § 362 to allow the Receiver in the Fifth Third Action, as described below, to seek an order in the Fifth Third Action directing the Debtors to turn over to the Receiver certain documents necessary to protect the value of Fifth Third's Collateral, as follows:

**I.    Background**

1.    Stone*Wall Farm Stallions I, LLC; Stone*Wall Farm Stallions VII, LLC; Stone*Wall Farm Stallions Racing Division I, LLC; Hotcopri, LLC; and Malandrin, LLC, (collectively the "Debtors" or "Chase Obligors") are each defendants in the lawsuit filed by JPMorgan Chase Bank ("Chase") in Fayette Circuit Court seeking a judgment against the Chase Obligors and an order for the sale of collateral securing their various obligations to Chase (the "Chase Action").  The Debtors filed their Chapter 11 cases on the eve of a hearing in the Chase Action whereby Chase sought to have a receiver appointed and the Chase Action is stayed.

2.    NeverTell Farm Kentucky IV, LLC, Stone*Wall Farm Stallions 53, LLC, Stone*Wall Farm, LLC, Stone*Wall Farm Stallions 53, Inc., NeverTell Farm Kentucky I, LLC, Pondering, LLC, Jostle, LLC, Nonsuchbay, LLC,  NeverTell Racing, LLC, Miss Nashwan, LLC,

Cat Alert, LLC, Kyco, LLC, Spirited Maiden, LLC, and Palm Beach I, LLC (collectively, the "Fifth Third Obligors") are defendants in the lawsuit filed by Fifth Third in Fayette Circuit Court, Case No. 10-CI-3024, seeking a judgment against the Fifth Third Obligors and an order for the sale of collateral securing their various obligations to Fifth Third (the "Fifth Third Action").

3.      None of the Debtors is a Fifth Third Obligor, and none of the Fifth Third Obligors is a Debtor.

4.      The Fifth Third Obligors are each solely owned and managed by Audrey Haisfield, but, on information and belief, are controlled by her husband, Richard Haisfield.[1]  On information and belief, the Debtors are controlled by Richard Haisfield, whom the Debtors have authorized to perform the duties of the Debtors under Bankruptcy Rule 4002.

5.      The Fifth Third Obligors and the Debtors own stallions and mares for, among other things, breeding purposes.  In some cases, mares owned by one of the Fifth Third Obligors were bred to stallions owned by one of the Debtors, and in some cases, mares owned by one of the Debtors were bred to stallions owned by one of the Fifth Third Obligors.  In both cases, offspring have been created, some of which are owned by the Debtors, and some of which are owned by the Fifth Third Obligors depending upon which entity owned the mare that delivered the offspring.[2]

---

[1] The only exception is Palm Beach I, LLC, which is solely owned and/or operated by Audrey Haisfield and Marc Haisfield, who are step-mother and son, respectively.

[2] The owner of the mare is the owner of the offspring, subject to a statutory lien in favor of the owner of the stallion breeding rights for the stud fee, which lien exists for a period of one year from the date of birth of the offspring.  KRS 376.420.

6.      As a result of this arrangement, the Fifth Third Obligors have claims against the Debtors for stud fees where mares owned by the Fifth Third Obligors were bred to stallions owned by the Debtors, and may claim a lien on progeny of stallions owned by the Fifth Third Obligors where stallions owned by the Fifth Third Obligors were bred to mares owned by the Debtors and offspring were created.  The Debtors may have similar claims against the Fifth Third Obligors.

7.      This arrangement also resulted in the creation of accounts receivable for stud fees payable to the owner of the stallion, which receivables were pledged to Fifth Third in the case of stallions owned by the Fifth Third Obligors, and to Chase in the case of stallions owned by the Debtors.

8.      On May 26, 2010, Fifth Third and the Fifth Third Obligors entered into an Agreed Order for the appointment of a receiver in the Fifth Third Action.  *See* Exhibit A, attached (the "Receiver Order").

9.      Pursuant to the Receiver Order, the Receiver's authority extends to "Collateral" of Fifth Third, which is defined in the Receiver Order as "assets described in the attached Exhibit A, including but not limited to, all horses, files, papers, records, documents, insurance policies, monies, securities, bank accounts and books of account with respect to the Collateral."[3] Exhibit A to the Receiver Order describes approximately 180 horses.

---

[3] Excluded from the Receiver's authority are certain offspring identified on Exhibit A to the Receiver Order with an asterisk because of a dispute between Fifth Third Bank and the Fifth Third Obligors as to whether such offspring are, in fact, Fifth Third's Collateral.

10.    Paragraph 1 of the Receiver Order appointed the Receiver to "take charge of, operate, preserve, maintain, and care for the Collateral, and its progeny, until it can be sold in the manner which the Receiver and Fifth Third deem commercially reasonable."  The Collateral referred to in the Receiver Order is described as all assets described on Exhibit A to the Receiver Order, including but not limited to "all horses, files, papers, records, documents, insurance policies, monies, securities, bank accounts and books of account with respect to the Collateral."

11.    Paragraph 13 of the Receiver Order, which is entitled "Restraining Order" provides that "[a]ll persons, their agents, employees, or representatives, who have acquired knowledge and information of this Order are hereby enjoined and restrained from interfering in any way with the Receiver's performance of its duties and responsibilities hereunder, and from prosecuting any actions which affect the Collateral."

12.    Paragraph 5 of the Receiver Order sets out the duties of the Receiver to which the Restraining Order applies, including but not limited to:  (A) [s]hall take charge of, operate, preserve, maintain and care for the Collateral, and its progeny, until it can be sold in the manner which the Receiver and Fifth Third deem commercially reasonable; (B) [s]hall demand, collect and receive all rents, accounts, revenues, income, issues and profits from the Collateral; (C) [c]ollect all stud fees due from the Collateral, including, but not limited to those due out of sale proceeds, provided that the Receiver may not collect stud fees owing to a stallion owner where the stallion is not part of the Collateral.

13.    As set forth in paragraph 5 of the Receiver Order, the Receiver is required to deposit all funds paid to the Receiver from the sale of the offspring or payment of stud fees into a

separate bank account, and may not spend those funds without an order from the Fayette Circuit Court other than for the cost of ordinary course of business maintenance of the Collateral.

14.    John T. Hamilton, Esq., represents both the Debtors as defendants in the Chase Action, which is now stayed, and the Fifth Third Obligors as defendants in the Fifth Third Action.   Additionally, the Debtors in Possession in the bankruptcy cases have applied to this Court for approval of Mr. Hamilton as counsel to the Debtors in Possession.

**II.    <u>Relief from the Stay should be granted to allow the Receiver to obtain from the Debtors certain documents necessary for the Receiver to comply with its duties.</u>**

15.    Mares owned by the Fifth Third Obligors were bred to Lawyer Ron, Strong Contender, Doneraile Court, Medaglia d'Oro, A.P. Warrior, Leroidesanimaux, and Value Plus, all stallions owned, in whole or in part, by the Debtors, and offspring were produced.   As the owner of the mares, the Fifth Third Obligors own the offspring and their proceeds subject to a security interest in favor of Fifth Third.   *See* Loan Documents attached to Complaint, attached hereto as <u>Exhibit B</u>.   In accordance with its duties, the Receiver is attempting to place these offspring in auctions to be conducted in September and November at Keeneland.

16.    Keeneland will not allow any sales resulting from these auctions to be consummated unless and until it has been provided with the Stallion Service Certificates for each foal or yearling sold.   These Stallion Service Certificates certify the breeding of the particular foal or yearling, identifying the stallion and the mare.   They must be delivered by the auction house to the buyer at the time title transfers, and are required by The Jockey Club in order to register the thoroughbred to the purchaser.

17.    The Jockey Club prepares the Stallion Service Certificates from information and paperwork delivered to it by the owner of the stallion, and in turn, the Stallion Service Certificate

is delivered to the owner of the stallion. The Debtors, as sole or part owners of deceased Lawyer Ron, and Strong Contender, Doneraile Court, Medaglia d'Oro, A.P. Warrior, Leroidesanimaux, and Value Plus, either have possession of, or have the right to receipt of, the Stallion Service Certificates for the offspring the Receiver intends to place in the Keeneland auctions.

18.     Despite repeated requests prior to the bankruptcy filings, the Debtors have failed and refused to deliver to the Receiver the Stallion Service Certificates related to the production of the offspring by mares owned by the Fifth Third Obligors, including foals, yearlings and those currently in utero. This refusal interferes with the duties of the Receiver under the Receiver Order in blatant violation of the Restraining Order. By such refusal, the Debtors are preventing the Receiver from carrying out its duties with respect to these offspring in which the *Debtors only interest* is a statutory stud fee lien in offspring other than yearlings, with respect to which the statutory lien has expired.

19.     Moreover, there is no legitimate basis for the Debtors to refuse to turn over these Stallion Service Certificates to the Receiver. The Stallion Service Certificates have no economic value to the Debtors. The Debtors may claim a statutory lien in the offspring and the proceeds thereof for payment of stud fees, although such liens and claims are disputed by Fifth Third. However, any disputes over entitlement to the proceeds can later be determined. Until then, the proceeds from the sale of the offspring by the Receiver will be held in the Receiver's account subject to the Receiver Order or further order of the Fayette Circuit Court in the Fifth Third Action. The Debtors are represented by the same counsel as represents the Fifth Third Obligors in the Fifth Third Action. Therefore, the Debtors, through counsel, will have notice of any attempt by the Receiver to use the proceeds for anything other than ordinary course maintenance.

20.    The Debtors cannot even feasibly assert a stud fee lien with respect to the yearlings to be sold in the September auction because the lien under KRS 376.420 expires one year after the birth of the offspring.

21.    The only rational basis for the Debtors' refusal is to assist their affiliated Fifth Third Obligors in blocking the sale of Fifth Third's Collateral in violation of the Restraining Order.  If the Receiver cannot get possession of the Stallion Service Certificates from the Debtors, it cannot sell the Fifth Third Obligors' horses.  If the horses cannot be sold this Fall at the appropriate sale for their ages, their value will decline to the detriment of the Fifth Third Obligors, and consequently, to the detriment of Fifth Third.

22.    In addition, one or more of the Fifth Third Obligors owns an interest with one or more of the Debtors in now deceased Lawyer Ron, and in Doneraile Court and Strong Contender.  Fifth Third has a security interest in the interests of the Fifth Third Obligors in these stallions and the proceeds of such interests, including stud fees which have not been paid by the owners of mares bred to these stallions.[4]  In order to calculate the stud fees owed to the Fifth Third Obligors by the mare owners, and in order to collect those fees, the Receiver requires copies of the breeding contracts involving Lawyer Ron, Doneraile Court, and Strong Contender from 2007 through 2009, and the collection records related to such breedings.

23.    Despite repeated requests, the Debtors have failed and refused to turn over such contracts.  Such failure and refusal constitutes an interference with the Receiver's duties under the Receiver Order in blatant violation of the Receiver Order and the Restraining Order.

---

[4] Fifth Third received the proceeds payable to the Fifth Third Obligors from the insurance proceeds paid upon Lawyer Ron's death.

24.     There is no legitimate reason for the Debtors to refuse to deliver copies of these breeding contracts and collection records.  The Debtors have no interest in stud fees payable to the Fifth Third Obligors subject to Fifth Third's security interest.  The only rational basis for such failure is to interfere with the Receiver's ability to marshall value that will, ultimately, be paid to Fifth Third.  For that reason, such failure and refusal constitutes "cause" for relief from the stay to allow Fifth Third to seek an order from the Fayette Circuit Court in the Fifth Third Action requiring the Debtors to turn over copies of these contracts to the Receiver.

25.     The Court should grant relief from the automatic stay where "cause" exists. 11 U.S.C. § 362(d)(1).  Because the Bankruptcy Code does not define "cause," courts are to determine whether cause exists on a case-by-case basis, considering the totality of the circumstances.  *In re Trident Assocs. Ltd P'Ship*, 52 F.3d 127, 131 (6th Cir. 195).  Cause for lifting the stay is viewed as a broad and flexible concept.  *In re:  The Score Board, Inc.*, 238 B.R. 585 (D. N.J. 1999); *In re:  Brown,* 311 B.R. 409 (E.D. Pa. 2004).

26.     Under these facts, the refusal to deliver the Stallion Service Certificates, the breeding contracts and the collection reports constitutes "cause" for relief from the stay to allow Fifth Third to seek an order from the Fayette Circuit Court in the Fifth Third Action to enforce the Receiver Order and require the Debtors to turn over such documents to the Receiver.

**27.     This motion applies to the following Debtors:   Hotcopri, LLC, Case No. 10-52315; Malandrin, LLC, Case No. 10-52316; Stone\*Wall Farm Stallions Racing Division I, LLC, Case No. 10-52317; Stone\*Wall Farm Stallions I, LLC, Case No. 10-52318; and Stone\*Wall Farm Stallions VII, LLC, Case No. 10-52319.**

WHEREFORE, Fifth Third Bank respectfully requests entry of an Order modifying the automatic stay under 11 U.S.C. § 362 to allow Fifth Third to seek an order in the Fifth Third Action enforcing the Receiver Order and requiring the Debtors to turn over (1) Stallion Service Certificates for Lawyer Ron, Strong Contender, Doneraile Court, Medaglia d'Oro, A.P. Warrior, Leroidesanimaux, and Value Plus related to the production of the offspring by mares owned by the Fifth Third Obligors, including foals, yearlings, and those currently in utero; and (2) copies of the breeding contracts involving Lawyer Ron, Doneraile Court, and Strong Contender from 2007 through 2009, and the collection records related to such breedings, and providing for such other relief as may be deemed appropriate in the circumstances.

## NOTICE

PLEASE BE ADVISED that the hearing on this Motion will be held on August 12, 2010, at 9:30 a.m. in the United States Bankruptcy Court for the Eastern District of Kentucky, Lexington Division, Third Floor Courtroom, 100 East Vine Street, Lexington, Kentucky 40507.

Respectfully submitted,

WYATT, TARRANT & COMBS, LLP


 /s/ Mary L. Fullington
Mary L. Fullington
250 West Main Street, Suite 1600
Lexington, Kentucky  40507-1746
Telephone:  (859) 233-2012
Facsimile:  (859) 259-0649
E-mail:  Lexbankruptcy@wyattfirm.com

COUNSEL FOR FIFTH THIRD BANK

<u>**CERTIFICATE OF SERVICE**</u>

This is to certify that a true and correct copy of the foregoing has been served electronically in the method established under the CM/ECF Administrative Procedures Manual and the Local Court Standing Order dated July 25, 2002, and to all parties listed on the attached Service List via facsimile, electronic and/or first-class, postage prepaid U.S. mail on this 29th day of July, 2010.

  /s/ Mary L. Fullington
Mary L. Fullington

30562990.2

# EXHIBIT A

COMMONWEALTH OF KENTUCKY
FAYETTE CIRCUIT COURT
DIVISION 4
CIVIL ACTION NO. 10-CI-3024

FIFTH THIRD BANK                                                             PLAINTIFF

v.                    **AGREED ORDER APPOINTING A RECEIVER**

NEVERTELL FARM KENTUCKY IV, LLC;
STONE*WALL FARM STALLIONS 53, LLC;
STONE*WALL FARM, LLC; STONE*WALL
FARM STALLIONS 53, INC.; NEVERTELL
FARM KENTUCKY I, LLC; PONDERING,
LLC; JOSTLE, LLC; NONSUCHBAY, LLC;
NEVERTELL RACING, LLC; MISS
NASHWAN, LLC; CAT ALERT, LLC;
SPIRITED MAIDEN, LLC; KYCO, LLC;
PALM BEACH I, LLC; AUDREY HAISFIELD
and MARC HAISFIELD                                                          DEFENDANTS

MAY 26 2010

The Plaintiff, Fifth Third Bank ("Fifth Third"), having requested Preliminary and

Permanent Injunctive Relief and the Appointment of a Receiver, and the Defendants, NeverTell

Farm Kentucky IV, LLC, Stone*Wall Farm Stallions 53, LLC, Stone*Wall Farm, LLC,

Stone*Wall Farm Stallions 53, Inc., NeverTell Farm Kentucky I, LLC, Pondering, LLC, Jostle,

LLC, Nonsuchbay, LLC, NeverTell Racing, LLC, Miss Nashwan, LLC, Cat Alert, LLC, Spirited

Maiden, LLC, Kyco, LLC, Palm Beach I, LLC, Audrey Haifield and Marc Haisfield (the

"Defendants") having agreed to the terms hereof, IT IS HEREBY ORDERED as follows:

1.    Appointment. Bluewater Sales, LLC whose address is 3951 Old Frankfort Pike,

Lexington, Kentucky 40510, is hereby appointed Receiver (the "Receiver") to take charge of,

operate, preserve, maintain and care for all of the assets (the "Collateral") described in the

attached Exhibit A, including, but not limited to, all horses, files, papers, records, documents,

insurance policies, monies, securities, bank accounts and books of account with respect to the Collateral. The Receiver is granted the powers and authority hereinafter set forth.

2.    <u>Possession and Control</u>.    The Receiver shall be and is hereby entitled to immediate exclusive possession, custody and control of the Collateral, and shall be entitled to immediate exclusive possession, custody and control of all the books, records, accounts, papers, monies, securities, bank accounts and books of account with respect to the Collateral. Notwithstanding anything in this paragraph, the Receiver shall have the discretion not to take possession of any Collateral that the Receiver and Fifth Third deem worthless.

3.    <u>Payment and Delivery to Receiver</u>. The Defendants, and their agents, employees or representatives are ordered to and shall pay over, surrender and deliver to Receiver: [i] all books, records, accounts and papers, including all evidence of indebtedness, and all monies and other assets, which are held or purported to be held by the Defendants with respect to the Collateral; [ii] all information necessary to allow the Receiver to ascertain the status of each particular horse held as part of the Collateral in which the Defendants have an ownership interest, including, but not limited to, providing the Receiver with a certified list of all such horses and all Jockey Club Certificates to the extent held by the Defendants; [iii] all active files pertaining to vendors, employees, trainers or other persons or entities supplying services to the Collateral; [iv] all cash on hand, all funds held in deposit accounts which are part of the Collateral, and all funds held in any other form arising from the Collateral; [v] all information necessary to allow the Receiver to determine the amount of any stud fees owed on the Collateral; and [vi] any and all other information and materials necessary to the Receiver to effect a smooth transition in the management and sale of the Collateral.

4.   <u>Injunction</u>.  The Defendants are enjoined from [a] possessing or managing the Collateral, [b] withdrawing any funds derived from the Collateral or paying such funds to or for the benefit of themselves or any other party, [c] removing, concealing, destroying or altering any property related to the Collateral, including, without limitation, the books and records relating to the Collateral, [d] incurring any expenses pertaining to the Collateral, [e] demanding, collecting, receiving or accepting any accounts, rents or income pertaining to the Collateral, and should any such accounts, income or rents come into their possession, they shall remit such accounts, income or rents to the Receiver immediately, and [f] taking or interfering in any way with the Receiver's possession and control of the Collateral.  Receiver shall not, without written direction from the Court, deliver to the Defendants possession of all or any portion of the Collateral, any funds derived from the Collateral, or any personal property used in connection with the Collateral, including, without limitation, any of the books and records relating to the Collateral.

5.   <u>Duties of the Receiver</u>.  The Receiver:

A.   Shall take charge of, operate, preserve, maintain and care for the Collateral, and its progeny, until it can be sold in the manner which the Receiver and Fifth Third deem commercially reasonable.

B.   Shall demand, collect and receive all rents, accounts, revenues, income, issues and profits from the Collateral.

C.   Collect all stud fees due from the Collateral, including, but not limited to, those due out of sales proceeds, provided that the Receiver may not collect stud fees owing to a stallion owner where the stallion is not part of the Collateral.

D.   Make any and all racing and training decisions related to the Collateral.

E.   Shall deposit all funds incoming to the Receiver into a separate bank account in a federally-insured bank of the Receiver's choice.

F.   May contract and pay for routine and ordinary items pertaining to the Collateral and not involving expenditures of a capital nature or otherwise outside of the ordinary course of the management of the Collateral.

G.    May pay for routine and ordinary items pertaining to the Collateral the cost for which may have heretofore been incurred but which are unpaid and which do not involve expenditures of a capital nature or are otherwise outside of the ordinary course of the management of the Collateral.

H.    Shall contract and pay for insurance for the Collateral in the event it is not adequately insured.

I.    Shall pay all taxes already or hereafter incurred on the Collateral.

J.    May pay and/or dispute all other expenses or claims required in order to preserve the Collateral during the pendency of this action, provided the payment of such does not involve expenditures of a capital nature or is otherwise outside of the ordinary course of the management of the Collateral.

K.    Shall not be liable or accountable for any expense or indebtedness incurred by the Defendants, or their agents or employees, prior to the entry of this Order, or which may be incurred at the direction of them, their agents or employees, after the entry of this Order, but may negotiate, discount or pay the same if the Collateral is benefitted by such negotiation, discount or payment.

L.    Shall make other disbursements of the funds incoming to the Receiver from time-to-time as ordered by this Court.

M.    May, in its discretion, employ or terminate such agents, managers, employees, trainers, veterinarians, accountants, and attorneys as may in its judgment be advisable or necessary in the management, operation, conduct, or custody of the Collateral.

N.    May institute, prosecute and defend, compromise, adjust, intervene in or become party to such actions or proceedings in state or federal courts as may in its opinion be necessary or proper for the protection, maintenance or preservation of the Collateral or the carrying out of the terms of this Order, and likewise to defend, compromise or adjust or otherwise dispose of any and all actions or proceedings instituted against it as Receiver or engage in any prosecution, defense or other disposition of such actions or proceedings which will in the judgment of the Receiver be advisable or proper for the protection of the Collateral.

O.    May provide a copy of this Order to anyone who may be affected by its terms and provisions.

P.    Shall maintain and file with the Court on a monthly basis an accounting of all such rents, accounts, revenues, income, issues and profits collected and expenses paid or incurred, a copy of such accounting to be served upon counsel of record for all parties to this action.

Q.    Shall undertake only those actions which are reasonably calculated to benefit the Collateral and which manifest fair dealing with respect to the Collateral.

R.    Shall permit Fifth Third to inspect the Collateral, from time to time, provided such inspections do not unnecessarily interfere with the Receiver's duties hereunder.

S.    Shall comply with this and all other Orders of this Court.

T.    Nothing contained in this Order shall be deemed or construed to allow the Receiver to take possession or control over any assets of Audrey Haisfield or Marc Haisfield, except to the extent such assets are part of the Collateral listed on Exhibit A.

6.    Right of Access. This Order does not [a] except as otherwise expressly provided herein, limit in any manner any right of access to the Collateral that Fifth Third may have pursuant to the provisions of any of the documents and instruments evidencing, securing or otherwise relating to the indebtedness held by Fifth Third and secured by the Collateral (herein referred to collectively as the "Loan Documents"); [b] preclude Fifth Third from making any filings necessary to perfect its lien and security interest in the Collateral; or [c] except as otherwise expressly provided herein, limit or otherwise modify in any manner or respect whatsoever any of the rights or remedies of Fifth Third under the Loan Documents.

7.    Capital Expenditures. Only with leave of Court obtained upon motion, notice of which is provided to all parties to this action, or only pursuant to the entry of an Agreed Order signed by all counsel of record, may the Receiver pay or incur expenditures of a capital nature, not of an emergency nature, and otherwise outside of the ordinary course of the management of the Collateral.

8.    Loan Documents. Nothing in this Agreed Order shall be interpreted in any way as altering or limiting the Promissory Notes or Security Agreements, including the definition of Collateral contained therein, between Fifth Third and the Defendants which are attached to the Complaint.

5

9.    <u>Bond</u>.  The Receiver shall execute a bond for the faithful performance of its duties and for the accounting of all monies received by the Receiver or coming into its accounts, which bond shall be in the penal sum of $_____ in cash, or with corporate surety thereon.

10.    <u>Compensation of Receiver</u>.  The Receiver shall be reimbursed for all reasonable out of pocket expenses incurred in performing any of its duties under paragraph 5.  Additionally, the Receiver shall be for compensated as follows: [a] the Receiver shall receive a sales commission of 3% of the gross price at which each horse is sold; [b] the Receiver shall receive a day rate in accordance with the attached Schedule 1 for each horse boarded at its farm or other contracted facility (the Receiver retaining the discretion in terms of where to send each horse); and [c] The Receiver shall receive a rate of $200 an hour for its time associated with overseeing horses located outside of Kentucky, collecting stud fees, managing and collecting stallion contracts, collecting breeder's awards, and accounting to the Court.

11.    <u>Instructions to Third Parties</u>.  The Defendants shall instruct all third parties to make payments of rents or accounts related to the Collateral directly to the Receiver, and shall not instruct any third party to make payments of rents or accounts related to the Collateral other than to the Receiver without the prior written order of the Court.

12.    <u>Accounts of Receiver</u>.  Except as herein provided, the Receiver shall hold in its account or accounts all such monies coming into its hands, subject to the further Orders of this Court.

13.    <u>Restraining Order</u>.  All persons, their agents, employees, or representatives, who have acquired knowledge and information of this Order are hereby enjoined and restrained from interfering in any way with the Receiver's performance of its duties and responsibilities hereunder, and from prosecuting any actions which affect the Collateral.

6

14.    _Effective Date_.  The Receiver's duties and responsibilities provided by this Order

shall become effective immediately upon the entry of this Order and the Court's approval of the

Receiver's Bond referred to in numerical paragraph 9 of this Order.

15.    _Additional Instructions_.  The Receiver and any party hereto may, at any time, on

proper notice to the parties hereto, apply to this Court for further or other instructions and for

further power necessary to enable the Receiver to properly fulfill the Receiver's duties

hereunder.

16.    _Service_.  The Clerk of this Court is hereby directed to serve a copy of this Order

upon all parties to this action or their respective counsel of record.

So ORDERED this the ____ day MAY 2 6 2010 , 2010.

/S/ PAMELA R. GOODWINE
A TRUE COPY
ATTEST: WILMA F. LYNCH, CLERK
FAYETTE CIRCUIT COURT
BY: _____ DEPUTY

_____
Judge, Fayette Circuit Court

HAVE SEEN AND AGREED:


_____
W. Craig Robertson III
WYATT, TARRANT & COMBS, LLP
250 West Main Street, Suite 1600
Lexington, KY  40507-1746
_Counsel for Plaintiff_


John T. Hamilton
Gess, Mattingly & Atchison
201 West Short Street
Lexington, KY  40507
_Counsel for Defendants_

7

## SCHEDULE 1

### 2010 Board & Sales Prep Rates Per Day for the Stonewall Dispersal

| | |
|---|---|
| Bluewater Farm Regular Board | $30 |
| Bluewater Farm Sales Prep Board | $45 |
| Hopewell Farm – Mares Board | $27 |
| Hopewell Farm – Weanling Board | $27 |
| Hopewell Farm – Foal Board by month | $170 |
| Leprechaun Racing – Training Board | $60 |

30556712.1

Lien Collateral Listing for Affidavit - EquiLien

Page 1 of 9



EQUILIEN    **FIFTH THIRD BANK**

Borrower: **Stonewall Farm et al**
Loan Number    **5446** *(03/01/2010)*

| Name | Year of Birth | Sex | Sire & Dam | Covered | % Owned | Locati Farm |
|------|------|------|------|------|------|------|
| Adios Ciao Bye Bye | 2002 | H | by Two Punch out of Lovely Later<br>In Foal to --- | | | |
| All Charm | 2003 | M | by Storm Cat out of Unbridled Delight<br>In Foal to Strong Contender | | 100.00 | Aiken I |
| Atlantic Ocean | 2000 | M | by Stormy Atlantic out of Super Chef<br>In Foal to Medaglia D'Oro | | 100.00 | Main F |
| Audacious One | 2004 | M | by A.P. Indy out of Platinum Tiara<br>In Foal to Strong Contender | | 100.00 | Aiken I |
| Battle of Love | 2008 | F | by A.P. Warrior out of Unbridled Lover<br>In Foal to --- | | | Classic |
| * Beautiful One | 2008 | F | by Medaglia d'Oro out of Stylish Beauty<br>In Foal to --- | | 50.00 | |
| Beauty Plus | 2008 | F | by Value Plus out of Wildcat Beauty<br>In Foal to --- | | 100.00 | Ocala |
| Blushing Miss | 2008 | F | by Leroidesanimaux out of Miss Nashwan<br>In Foal to --- | | 100.00 | Classic |
| Breakwater | 1997 | M | by Boundary out of Flippers<br>In Foal to Strong Contender | | 100.00 | Aiken I |
| Brunilda | 2000 | M | by Mutakddim out of La Valkiria<br>In Foal to Strong Contender | | 100.00 | Aiken I |
| Cat Alert | 2000 | F | by Tobasco Cat out of Gold N Delicious<br>In Foal to Value Plus | | 100.00 | Aiken I |
| Cat Dancer | 2002 | M | by Storm Cat out of Floppy Dancer<br>In Foal to Strong Contender | | 100.00 | Aiken I |

**EXHIBIT**

Lien Collateral Listing for Affidavit - EquiLien

| Name | Year | | Description | Amount | Location |
|---|---|---|---|---|---|
| D'Oro's Dancer | 2007 | C | by Medaglia d'Oro out of Cat Dancer<br>In Foal to --- | | |
| Dixie Sheikh | 2003 | F | by Dixie Union out of Pushing Fifty<br>In Foal to A.P. Warrior | 100.00 | Aiken I |
| Dontfightthetide | 2008 | F | by A.P. Warrior out of Breakwater<br>In Foal to --- | 100.00 | |
| Elegant Beauty | 2007 | F | by Leroidesanimaux out of Subtle Elegance<br>In Foal to --- | 100.00 | Classic |
| Expect A Check | 2007 | F | by Medaglia d'Oro out of Expect An Angel<br>In Foal to --- | 100.00 | Ocala |
| Expect An Angel | 2000 | M | by Valid Expectations out of Leah's Angel<br>In Foal to Value Plus | 100.00 | Aiken I |
| First Gold | 2007 | C | by Medaglia d'Oro out of First Move<br>In Foal to --- | 100.00 | |
| First Move | 2001 | M | by Coronado's Quest out of All The Moves<br>In Foal to Strong Contender | 100.00 | Main F |
| Forefront | 2008 | C | by Medaglia d'Oro out of Theschemeofthings<br>In Foal to --- | 100.00 | Ocala |
| Full Moon Tonight | 2002 | M | by Storm Cat out of Successfully<br>In Foal to A.P. Warrior | 100.00 | Main F |
| Golden Tornado | 2007 | C | by Medaglia d'Oro out of Sassy Twister<br>In Foal to --- | 100.00 | |
| Goodness Unbridled | 2004 | F | by Unbridled's Song out of Goodness<br>In Foal to Leroidesanimaux | 100.00 | Aiken I |
| Got Merlot | 2005 | F | by Stephen Got Even out of Marilyn Merlot<br>In Foal to Leroidesanimaux | 100.00 | Main F |
| Heir To The Wind | 2004 | M | by Forest Wildcat out of Penniless Heiress<br>In Foal to Value Plus | 100.00 | Aiken I |
| Honest Answer | 2000 | M | by Tale of the Cat out of Cup of Honey<br>In Foal to Strong Contender | 100.00 | Aiken I |
| How True It Is | 2005 | F | by Yes It's True out of Future Queen<br>In Foal to Leroidesanimaux | 100.00 | Main F |
| Jostle | 1997 | M | by Brocco out of Moon Drone<br>In Foal to Strong Contender | 100.00 | Aiken I |
| Jostlin West | 2006 | F | by Gone West out of Jostle<br>In Foal to A.P. Warrior | 100.00 | Aiken I |
| King of Shwan | 2007 | C | by Leroidesanimaux out of Miss Nashwan | 100.00 | Classic |

Lien Collateral Listing for Affidavit - EquiLien

| | | | | | |
|---|---|---|---|---|---|
| | | | In Foal to --- | | |
| King's Treasure | 2006 | C | by Empire Maker out of Honest Answer | 100.00 | Main F |
| | | | In Foal to --- | | |
| L'Animaux | 2008 | C | by Leroidesanimaux out of L'Hiver | 100.00 | Ocala |
| | | | In Foal to --- | | |
| L'Hiver | 2002 | M | by Hussonet out of Wrist | 100.00 | Aiken |
| | | | In Foal to Strong Contender | | |
| Lady D Triumph | 2005 | M | by Arch out of Ironc Lady | 100.00 | Aiken |
| | | | In Foal to Doneraile Court | | |
| *Lawyer Ron | | S | | 19.20 | |
| | | | In Foal to --- | | |
| Leroy's Pride | 2007 | C | by Leroidesanimaux out of Glory of Love | 100.00 | Classic |
| | | | In Foal to --- | | |
| * Looks Like It | 2008 | C | by Medaglia d'Oro out of User History | 100.00 | Classic |
| | | | In Foal to --- | | |
| * Mad About It | 2008 | C | by Medaglia d'Oro out of Unbridled Temper | 100.00 | Classic |
| | | | In Foal to --- | | |
| Matter of Money | 2008 | C | by Value Plus out of Cat Alert | 100.00 | Classic |
| | | | In Foal to --- | | |
| Ms. Fupeg | 2003 | M | by Fusaichi Pegasus out of Desviacion | 100.00 | Main F |
| | | | In Foal to Strong Contender | | |
| Nonsuch Bay | 1999 | M | by Mr. Greeley out of Brighter Than Gold | 100.00 | Aiken |
| | | | In Foal to A.P. Warrior | | |
| Not Two Quiet | 2004 | M | by Quiet American out of Two Steppin' Toni | 100.00 | Aiken |
| | | | In Foal to Strong Contender | | |
| Now Cope With This | 2004 | M | by Tiznow out of Insight to Cope | 100.00 | Aiken |
| | | | In Foal to Value Plus | | |
| Queen's Causeway | 2003 | M | by Giant's Causeway out of Palacoona | 100.00 | Aiken |
| | | | In Foal to Strong Contender | | |
| Queens Plaza | 2002 | F | by Forestry out of Kew Garden | 100.00 | Aiken |
| | | | In Foal to Value Plus | | |
| Quick To Rise | 2008 | C | by Value Plus out of Quick As A Cat | 100.00 | Classic |
| | | | In Foal to --- | | |
| Ride A Wave | 2006 | F | by Medaglia d'Oro out of Breakwater | 100.00 | |
| | | | In Foal to --- | | |
| Royal Irish Lass | 2003 | M | by Saint Ballado out of Irish Linnet | 100.00 | Aiken |
| | | | In Foal to Leroidesanimaux | | |

| | | | | | |
|---|---|---|---|---|---|
| Royal Matter | 2008 | C | by Theatrical out of Queen's Plaza<br>In Foal to --- | 100.00 | Ocala |
| Sassy Twister | 1999 | M | by Rhythm out of Souq<br>In Foal to Strong Contender | 100.00 | Main F |
| Seasonal Gold | 2007 | F | by Medaglia d'Oro out of Stormy Season<br>In Foal to --- | 100.00 | |
| Silver Lilly | 2003 | M | by Silver Deputy out of Gilded Lilly<br>In Foal to Strong Contender | 100.00 | Aiken |
| Songthrush | 2002 | M | by Unbridled's Song out of Virgin Michael<br>In Foal to Leroldesanimaux | 100.00 | Aiken |
| Spirited Maiden | 1999 | M | by Saint Ballado out of Pacific City<br>In Foal to A.P. Warrior | 100.00 | Main F |
| Stallion Share | 1996 | S | by Doneraile Court out of 1 Share<br>In Foal to --- | 75.00 | |
| Stallion Share | 2003 | S | by Strong Contender out of 1 Share<br>In Foal to --- | 100.00 | |
| Status Sheikh | 2008 | C | by Value Plus out of Dixie Sheikh<br>In Foal to --- | 100.00 | Classic |
| Stormy Season | 2001 | M | by Storm Cat out of Timely Broad<br>In Foal to Value Plus | 100.00 | Aiken |
| * Stylish Beauty | 1999 | M | by Pleasant Colony out of Stylish Star<br>In Foal to --- | 100.00 | |
| Sungold Sally | 2003 | M | by A.P. Indy out of Coldheartedcat<br>In Foal to Strong Contender | 100.00 | Aiken |
| Surprise Star | 2008 | C | by Frisco Star out of Miriam L<br>In Foal to --- | 100.00 | Classic |
| Triple Gift | 2005 | M | by Clever Trick out of Hartwell's Gift<br>In Foal to Strong Contender | 40.00 | Main F |
| Unbridled Lover | 2002 | M | by Unbridled out of To Be A Lover<br>In Foal to Leroldesanimaux | 100.00 | Aiken |
| * Unbridled Temper | 2001 | M | by Unbridled out of Forli's Secret<br>In Foal to Leroldesanimaux | 100.00 | Aiken |
| Unnamed | 2008 | F | by Leroldesanimaux out of Barbiansmile<br>In Foal to --- | 100.00 | Classic |
| Unnamed | 2008 | F | by Da Stoops out of Diva On Grass<br>In Foal to --- | 100.00 | Classic |
| Unnamed | 2006 | C | by Medaglia d'Oro out of Naughty Notions | | |

In Foal to ---

| | | | | | |
|---|---|---|---|---|---|
| Unnamed | 2009 | F | by Leroidesanimaux out of Songthrush<br>In Foal to --- | 100.00 | Main fa |
| Unnamed | 2008 | F | by Value Plus out of Stormy Season<br>In Foal to --- | 100.00 | Classic |
| Unnamed | 2009 | C | by Lawyer Ron out of Cat Dancer<br>In Foal to --- | 100.00 | Main F |
| Unnamed | 2009 | F | by Medaglia d'Oro out of First Move<br>In Foal to --- | 100.00 | |
| Unnamed | 2009 | C | by Medaglia d'Oro out of Heir To The Wind<br>In Foal to --- | 100.00 | Main F |
| Unnamed | 2009 | C | by Lawyer Ron out of Honest Answer<br>In Foal to --- | 100.00 | Main fa |
| Unnamed | 2009 | C | by Lawyer Ron out of Ms. Fupeg<br>In Foal to --- | 100.00 | Main F |
| Unnamed | 2009 | F | by Lawyer Ron out of Queen's Causeway<br>In Foal to --- | 100.00 | Main F |
| Unnamed | 2009 | F | by Leroidesanimaux out of Royal Irish Lass<br>In Foal to --- | 100.00 | |
| Unnamed | 2009 | F | by Lawyer Ron out of Sungold Sally<br>In Foal to --- | 100.00 | Main F |
| *Unnamed | 2009 | C | by Invasor out of Unbridled Temper<br>In Foal to --- | 100.00 | Main F |
| Unnamed | 2009 | F | by Lawyer Ron out of Atlantic Ocean<br>In Foal to --- | 100.00 | Main F |
| Unnamed | 2009 | F | by Medaglia d'Oro out of Breakwater<br>In Foal to --- | 100.00 | Main F |
| Unnamed | 2010 | C | by Leroidesanimaux out of L'Hiver<br>In Foal to --- | 100.00 | Aiken |
| Unnamed | 2009 | F | by A.P. Warrior out of All Charm<br>In Foal to --- | 100.00 | Ocala |
| Unnamed | 2009 | F | by Lawyer Ron out of Audacious One<br>In Foal to --- | 100.00 | Ocala |
| Unnamed | 2009 | C | by Lawyer Ron out of Brunhilda<br>In Foal to --- | 100.00 | Ocala |
| Unnamed | 2009 | C | by Value Plus out of Cat Alert<br>In Foal to --- | 100.00 | Ocala |

Lien Collateral Listing for Affidavit - EquiLien

| | | | | | | |
|---|---|---|---|---|---|---|
| Unnamed | 2009 | C | by A.P. Warrior out of Dixie Sheikh<br>In Foal to --- | | 100.00 | Ocala |
| Unnamed | 2009 | F | by Lawyer Ron out of Expect An Angel<br>In Foal to --- | | 100.00 | Ocala |
| Unnamed | 2009 | C | by A.P. Warrior out of Full Moon Tonight<br>In Foal to --- | | 100.00 | Ocala |
| Unnamed | 2009 | F | by Leroidesanimaux out of Goodness Unbridled<br>In Foal to --- | | 100.00 | |
| Unnamed | 2009 | C | by Lawyer Ron out of Jostie<br>In Foal to --- | | 100.00 | Ocala |
| Unnamed | 2009 | C | by A.P. Warrior out of L'Hiver<br>In Foal to --- | | 100.00 | Ocala |
| Unnamed | 2009 | C | by Strong Contender out of Now Cope With This<br>In Foal to --- | | 100.00 | Ocala |
| Unnamed | 2009 | F | by Theatrical out of Queen's Plaza<br>In Foal to --- | | 100.00 | |
| Unnamed | 2009 | C | by Value Plus out of Stormy Season<br>In Foal to --- | | 100.00 | Ocala |
| *Unnamed | 2009 | F | by Lawyer Ron out of Stylish Beauty<br>In Foal to --- | | 100.00 | |
| Unnamed | 2009 | F | by Leroidesanimaux out of Unbridled Lover<br>In Foal to --- | | 100.00 | Ocala |
| Unnamed | 2009 | C | by Lawyer Ron out of Wildcat Beauty<br>In Foal to --- | | 100.00 | Ocala |
| Unnamed | 2008 | | by Medaglia d'Oro out of Jostie<br>In Foal to --- | | 100.00 | Classic |
| Unnamed | 2008 | C | by Value Plus out of Margy's Forest<br>In Foal to --- | | 100.00 | |
| Unnamed | 2008 | C | by It's No Joke out of Queen's Causeway<br>In Foal to --- | | 100.00 | |
| Unnamed | 2008 | C | by Value Plus out of Spirited Maiden<br>In Foal to --- | | 100.00 | |
| Unnamed | 2010 | C | by Strong Contender out of Viva La View<br>In Foal to --- | | 100.00 | Aiken I |
| Unnamed | 2010 | F | by Lawyer Ron out of Sungold Sally<br>In Foal to --- | | 100.00 | Aiken I |
| Unnamed | 2010 | C | by Medaglia d'Oro out of Honest Answer | | 100.00 | Aiken I |

Lien Collateral Listing for Affidavit - EquiLien

| | | | | | |
|---|---|---|---|---|---|
| | | | In Foal to --- | | |
| Unnamed | 2010 | C | by Strong Contender out of Unbridled Lover In Foal to --- | 100.00 | Aiken I |
| Unnamed | 2010 | F | by Strong Contender out of Silver Lilly In Foal to --- | 100.00 | Aiken I |
| Unnamed | 2010 | F | by Lawyer Ron out of Not Two Quiet In Foal to --- | 100.00 | Aiken I |
| Unnamed | 2010 | H | by Medaglia D'oro out of Brunilda In Foal to --- | 100.00 | Aiken I |
| Unnamed | 2010 | C | by Lawyer Ron out of Now Cope with this In Foal to --- | 100.00 | Aiken I |
| Unnamed | 2010 | C | by Strong Contender out of Heir To The Wind In Foal to --- | 100.00 | Aiken I |
| Unnamed | 2010 | C | by Lawyer Ron out of Dixie Sheikh In Foal to --- | 100.00 | Aiken I |
| Unnamed | 2010 | H | by A.P. Warrior out of Spirited Maiden In Foal to --- | 100.00 | Main F |
| Unnamed | 2010 | H | by A.P. Warrior out of Full Moon Tonight In Foal to --- | 100.00 | Main F |
| * Unnamed | 2010 | H | by Strong Contender out of Stylish Beauty In Foal to --- | 100.00 | Main F |
| Unnamed | 2010 | H | by Leroidesanimaux out of How True It Is In Foal to --- | 100.00 | Main F |
| Unnamed | 2010 | H | by Strong Contender out of Ms. Fupeg In Foal to --- | 100.00 | Main F |
| Unnamed | 2010 | C | by Lawyer Ron out of Cat Dancer In Foal to --- | 100.00 | Aiken I |
| * Unnamed | 2010 | C | by Lawyer Ron out of Unbridled Temper In Foal to --- | 100.00 | Aiken I |
| Unnamed | 2010 | F | by Leroidesanimaux out of Got Merlot In Foal to --- | 100.00 | Main F |
| Unnamed | 2010 | F | by Leroy out of Goodness Unbridled In Foal to --- | 100.00 | Aiken I |
| Unnamed | 2010 | F | by Lawyer Ron out of Jostlin West In Foal to --- | 100.00 | Aiken I |
| Unnamed | 2010 | C | by Lawyer Ron out of Wildcat Beauty In Foal to --- | 100.00 | Aiken I |

Lien Collateral Listing for Affidavit - EquiLien

| | | | | | |
|---|---|---|---|---|---|
| Unnamed | 2010 | C | by Strong Contender out of Breakwater<br>In Foal to --- | 100.00 | Aiken |
| Unnamed | 2010 | C | by Lawyer Ron out of Queens Plaza<br>In Foal to --- | 100.00 | Aiken |
| Unnamed | 2010 | C | by Lawyer Ron out of Jostle<br>In Foal to --- | 100.00 | Aiken |
| Unnamed | 2010 | F | by Lawyer Ron out of All Charm<br>In Foal to --- | 100.00 | Aiken |
| Unnamed | 2010 | C | by Leroidesanimaux out of Songthrush<br>In Foal to --- | 100.00 | Aiken |
| Unnamed | 2010 | F | by Leroidesanimaux out of Royal Irish Lass<br>In Foal to --- | 100.00 | Aiken |
| *Unnamed | 2009 | F | by Medaglia d'Oro out of User History<br>In Foal to --- | 100.00 | |
| Unnamed | 2010 | F | by Lawyer Ron out of Audacious One<br>In Foal to --- | 100.00 | Aiken |
| Unnamed | 2010 | C | by Lawyer Ron out of Lady D Triumph<br>In Foal to --- | 100.00 | Aiken |
| Unnamed | 2010 | F | by Value Plus out of Stormy Season<br>In Foal to --- | 100.00 | Aiken |
| Unnamed | 2010 | C | by Strong Contender out of Cat Alert<br>In Foal to --- | 100.00 | Aiken |
| Unnamed | 2009 | C | by Medaglia d'Oro out of Colonial Review<br>In Foal to --- | 50.00 | |
| Unnamed | 2009 | C | by Medaglia D'oro out of Ionlyhaveeyesforu<br>In Foal to --- | 50.00 | |
| Unnamed | 2009 | F | by A.P. Warrior out of Stelluchella<br>In Foal to --- | 50.00 | |
| Unnamed | 2009 | | by Lawyer Ron out of Viva La View<br>In Foal to --- | 50.00 | |
| Unnamed | 2010 | C | by Lawyer Ron out of Queen's Causeway<br>In Foal to --- | 100.00 | Aiken |
| * Unnamed | 2010 | C | by Lawyer Ron out of Unbridled Temper<br>In Foal to --- | 100.00 | Aiken |
| Unnamed | 2010 | F | by Leroidesanimaux out of Goodness Unbridled<br>In Foal to --- | 100.00 | Aiken |
| User History | 1996 | M | by Mr. Prospector out of User Friendly | 100.00 | |

| | | | In Foal to --- | | |
|---|---|---|---|---|---|
| Valuable Storm | 2008 | F | by Value Plus out of One Stormy Mama | 100.00 | |
| | | | In Foal to --- | | |
| Valuable Truth | 2008 | C | by Value Plus out of How True It Is | 100.00 | |
| | | | In Foal to --- | | |
| Viva La View | 2004 | M | by Forest Camp out of Cirque View | 100.00 | Aiken ! |
| | | | In Foal to Strong Contender | | |
| Warrior's Blues | 2008 | C | by A.P. Warrior out of Beal Street Blues | 50.00 | |
| | | | In Foal to --- | | |
| Warrior's Moon | 2008 | F | by A.P. Warrior out of Full Moon Tonight | 100.00 | |
| | | | In Foal to --- | | |
| Wildcat Beauty | 2003 | M | by Forest Wildcat out of Stalcreek | 100.00 | Aiken I |
| | | | In Foal to Value Plus | | |

*The horses marked with an asterik(*) are in dispute in terms of whether or not they are part of Fifth Third's collateral.  Accordingly, the Receiver shall not take possession of those horses pending further orders of the Court. No parties are waiving any rights with respect to the disputed horses.